**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

City of South Burlington,
Plaintiff             }
                  }
v.                 }    Docket No. 175-8-00 Vtec
                  }
Ernest and Donna Levesque,   }
Defendants

### Order on City's Motion for Reconsideration

In Docket No. 94-5-00 Vtec, Appellant Ernest Levesque, Jr. appealed from a decision of the Development Review Board (DRB) of the City of South Burlington, denying a variance for the construction of a third rental unit and an accessory handicapped residential unit on his property. In Docket No. 175-8-00 Vtec, the City brought an enforcement action for the construction of the two units without zoning approval. The two matters were consolidated, heard, and a decision was issued on October 12, 2001, denying the variance and ruling on the injunctive relief and penalty sought by the City.

Appellant-Defendant Ernest Levesque appeared and represented himself; the City of South Burlington was represented by Amanda S.E. Lafferty, Esq. The City has now moved for reconsideration in Docket No. 175-8-00, arguing that the merits hearing only addressed the request for preliminary injunctive relief, not permanent injunctive relief or fines, and that City did not have the opportunity to present evidence of the costs of enforcement, the period of violation, and the facts regarding whether Defendants had constructed separate living units or was operating a rooming house. Defendants did not respond to the request for reconsideration.

The Court has reviewed the history of both cases before the Court. The documentary record only reflects that the appeal, Docket No. 94-5-00 Vtec, had already been set for a merits hearing by the time that the enforcement case, Docket No. 175-8-00 Vtec was filed; that the City filed a request in writing, requesting to consolidate the two cases and to use an alternate date a week later " to hold a hearing regarding the request for preliminary injunctive relief;" and that Mr. Levesque opposed continuing the hearing past the originally scheduled date.

The docket entries also reflect that Attorney Lafferty telephoned the Court a few days later and spoke to the Deputy Clerk for the District and Environmental Courts, Christine Eisenwinter. The docket entry made by Ms Eisenwinter states in full: " Atty Lafferty phoned - she would like merits hearing held in conjunction with hearing on [t]his appeal." Judge Wright took this to mean that the entire merits of the enforcement case, not just the preliminary injunction, would be heard together with the merits hearing already set in the appeal case. Judge Wright then issued an entry order consolidating the two cases and they were heard as scheduled.

After the parties had filed their requests for findings in the consolidated cases, Attorney Lafferty filed a motion for summary judgment in the enforcement case, requesting permanent injunctive relief, and such other relief as the Court may deem proper, and requesting a hearing on the appropriate remedy (by which she must have meant the monetary penalty, as the injunctive relief had both been heard and had been the subject of the motion for summary judgment). Defendants responded to the summary judgment issues, but not to the request for a hearing on the remedy. The Court's decision and order addressed all issues raised by the merits of the appeal and the enforcement case, including those issues raised in the summary judgment motion, but without holding any further hearing on the monetary penalty.

Based simply on this sequence of events[1], it appears that the City might reasonably have expected that a further hearing would be set on a monetary penalty, even though the City had requested that the " merits" of the enforcement action be set to be heard with the variance case. Especially in the absence of any argument to the contrary from Defendants, we must grant the City's motion to hold the requested hearing on the monetary penalty. Accordingly, in Docket No. 175-8-00 Vtec the City's Motion for Reconsideration is GRANTED to the following extent only: the final two sentences of the first full paragraph on page 4[2] of the October 12, 2001 Decision and Order are hereby vacated and removed from that order and the remainder of the order remains in effect. The effect of today's order is that Docket No. 94-5-00 Vtec remains disposed of by the October 12, 2001 Decision and Order, and that the finding of violation and injunctive relief ordered by the October 12, 2001 Decision and Order in Docket No. 175-8-00 Vtec remains in place. The issue of whether and what monetary penalty should be imposed in Docket No. 175-8-00 Vtec has been reopened and will be set for a telephone conference and for a merits hearing to take any supplementary evidence not already in the record.

Dated at Barre, Vermont, this 31st day of January, 2002.

_____

Merideth Wright
Environmental Judge

**Footnote**

[1] We do not here address the City's arguments regarding the effect of an unappealed notice of violation and regarding whether a court can order that a zero dollar fine is warranted. We will address those arguments in the decision on the monetary penalty after hearing, if those issues are still pertinent under the circumstances.

[2] The sentences being removed read as follows:

"Although the City also requested penalties in the amount of $100/day, the court determines that no penalty is warranted in this case, beyond Appellant/Defendants' expenses in evicting the recalcitrant lodgers and in removing any limitation on internal access within their dwelling unit.

Accordingly, we impose a penalty of zero dollars per day, for the period from October 4, 1999 until the date in the spring